United States District Court
Southern District of Texas
FILED

JUL 0 1 2005

Michael N. Milby
Clerk of Court

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOE SALAZAR RODRIGUEZ )
Petitioner, )
)
v. )
) C.A. No. B-04140
MARC MOORE, FIELD OPERATIONS DIRECTOR, )
IMMIGRATION AND CUSTOMS )
ENFORCEMENT, DRO for SAN ANTONIO AREA )
of OPERATIONS, and JOHN ASHCROFT, )
UNITED STATES ATTORNEY GENERAL, )
Respondents. )
)

**PETITIONER'S OPPOSITION TO MOTION TO TRANSFER CASE TO
THE FIFTH CIRCUIT PURSUANT TO §106(C) OF THE REAL ID ACT OF 2005**

Petitioner Noe Salazar opposes the respondent's Motion to Transfer this case to the Fifth Circuit pursuant to §106(c) of the REAL ID Act of 2005.

REAL ID §106(c) is entitled, *Transfer of Cases,* and states:

> If an alien's case, brought under 28 USC §2241, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case, (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have properly been filed under 8 USC §1252, or under IIRAIRA §309(c)(4)(d). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under §242, except that subsection (b)(1) shall not apply.

**INTRODUCTION**

For thirty five years, 8 U.S.C. §1105(a) permitted an LPR to seek judicial review of an order of deportation or exclusion in the United States court of appeals. As of

1

October 31, 1996, pursuant to provisions of the Anti Terrorism and Effective Death Penalty Act, (AEDPA), review pursuant to 8 USC §1105(a) was eliminated. As a result, a non-citizen found removable pursuant to 8 U.S.C. §1182(a)(2), became ineligible for any relief and was precluded from filing a petition for review of an order of removal. *See* 8 U.S.C. § 1252(a)(2)(C), which provides that "no court shall have jurisdiction to review any final order of removal against an alien by reason of having committed an offense covered in section 1182(a)(2)." In sum, AEDPA, in conjunction with the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, ("IIRAIRA"), rendered any LPR found removable due to conviction for an offense found at 8 U.S.C. §1182(a)(2), ineligible for any relief and precluded from direct review in the court of appeals.

Consequently, many non-citizens filed petitions for writs of habeas corpus in United States district court. *Magaña Pizano v INS,* 200 F.3d 603 (9th Cir. 1999). The INS opposed those petitions, and argued that federal courts had no habeas jurisdiction pursuant to 8 USC §1252(g).

Enrico St. Cyr, a citizen of Haiti who became a LPR of the United States in 1986, pled guilty to a drug trafficking offense in March, 1996 and applied for a waiver in removal proceedings. *St. Cyr v. INS* 229 F.3d 406, 408 (2d. Cir. 2000). The Immigration Judge, ("IJ"), found that no relief was available as a result of AEDPA §440(d), which renders any person who has been convicted of an offense relating to a controlled substance ineligible for any form of relief. St. Cyr appealed the IJ's finding. The BIA upheld the IJ and dismissed the appeal.

St. Cyr subsequently filed a petition for a writ of habeas corpus in United States District Court. The writ was granted and the government appealed. The government argued that 8 U.S.C. §§1252(a)(1), 1252(a)(2)(C) and 1252(b)(9), as amended by the IIRAIRA, deprived federal courts of any review of a determination by the Attorney General that a non-citizen is subject to automatic deportation as the result of conviction for an offense denominated an aggravated felony.

The Court of Appeals for the Second Circuit affirmed the District Court. The Supreme Court granted *certiorari*, stating, "The first question we must consider is whether the District Court retains jurisdiction under the general habeas corpus statute, 28 U.S.C. 2241, to entertain St. Cyr's challenge. His application for a writ raises a pure question of law." *I.N.S. v. St. Cyr*, 533 U.S. 289, 296, (2001). Given the strong presumption in favor of judicial review, the Supreme Court held that federal habeas jurisdiction remains available for LPR's who challenge the legality of an order of removal. Justice Stevens noted reliance on the writ by non-citizens throughout it's jurisprudential history, and commented:

> [T]o conclude that the writ is no longer available in this context would represent a departure from historical practice in immigration law. The writ of habeas corpus has always been available to review the legality of executive detention. See *Felker v. Turpin,* 518 U.S. 651, 663; *Swain* v. *Pressley,* 430 U.S. 372, 380, n.13; *id.*, at 385-86 (Burger, C.J., concurring);

533 U.S. 289, 299.

In evaluating the validity of a constitutional claim raised in a petition for review, the court of appeals will confine itself to review of the administrative record. *Lukowski v. INS,* 279 F.3d 644, (8th Cir. 2002). Under a writ of habeas corpus, the district court may

permit other evidence, including the petitioner's testimony. *Townsend v. Sain,* 372 U.S. 293 (1963), *Keeney v. Tamayo Reyes,* 504 U.S. 1, (1992).

In *St. Cyr, supra,* the Supreme Court expressed grave concern that IIRAIRA's jurisdiction stripping provisions, 8 U.S.C. §1252 *et seq.,* construed by the INS as eliminating any and all judicial review of an order of deportation, may violate the Suspension Clause.

> A construction of the amendments at issue that would entirely preclude review of a pure question of law by any court would give rise to substantial constitutional questions. Article I, 9, cl.2, of the Constitution provides: The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it. Because of that Clause, some judicial intervention in deportation cases is unquestionably required by the Constitution. *Heikkila* v. *Barber,* 345 U.S. 229, 235, (1953).

533 U.S. 289, 297.

REAL ID Act §106(c) precludes habeas review by an LPR challenging the validity of an order of removal. Further, REALID commands all such pending habeas actions must be transferred to the United States Court of Appeals and treated as petitions for review. In *Swain v. Pressley, supra,* the Supreme Court reviewed a similar provision of the District of Columbia Court Reform and Criminal Procedure Act of 1970, (DCCRCPA) which imposed new procedures for collateral review of criminal convictions. The petitioner argued that the DCCRCPA exhaustion requirements for habeas corpus were in violation of Article I, 9, Clause 2. The Supreme Court noted the venerable role of habeas relief in United States law and held that any remedy substituted in place of habeas must be adequate and effective. The Supreme Court evaded the larger constitutional question and invoked a precedential habeas decision, stating:

We are persuaded that the final clause in DCCRCPA §23-110 (g) avoids any serious question about the constitutionality of the statute. That clause allows the District Court to entertain a habeas corpus application if it "appears that the remedy by motion is inadequate or ineffective to test the legality of [the applicant's] detention." Thus, the only constitutional question presented is whether the substitution of a new collateral remedy which is both adequate and effective should be regarded as a suspension of the Great Writ within the meaning of the Constitution. The obvious answer to this question is provided by the Court's opinion in United States v. Hayman:

> "In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing. Under such circumstances, we do not reach constitutional questions." 342 U.S. 223, (footnote omitted).

*Swain v. Pressley*, 430 U.S. 372, 381, *citing United States v. Hayman*, 342 U.S. 205, (1952).

Mr. Salazar respectfully submits that transfer to the Fifth Circuit is not an adequate substitute, because his testimony in support of the petition is an essential element in proving that he is not removable as alleged. Mr. Salazar will not receive adequate review if analysis is limited to examination of the administrative record alone.

It is well established that the validity of a state conviction may not be challenged in a federal habeas corpus proceeding. *Broomes v. Ashcroft*, 358 F.3d 1251, (10th Cir. 2004). However, Mr. Salazar respectfully reminds this Court that the State of Texas does not consider deferred adjudication to be a conviction, and the matter has been dismissed. Mr. Salazar is not challenging the validity of his conviction. Rather, he urges this Court that the laws of Texas establish he never suffered a conviction.

While the petitioner was ordered to pay court costs, a fine, and a fee, the judge never imposed a sentence. The petitioner respectfully urges this Court that he has not been convicted because he has never been sentenced, according to Texas law. In a legal

5

opinion dated May 31, 1995, the Texas Attorney General considered whether a state prisoner whose deferred adjudication has been dismissed is eligible for a pardon. The Texas Attorney General found that deferred adjudication does not create circumstances which may be addressed by a pardon. In simpler terms, because a deferred adjudication is not a conviction according to Texas law, the Texas governor has no authority to pardon a person who has successfully completed a period of deferred adjudication.

> Because nothing remains to be pardoned after charges are dismissed and the defendant is discharged pursuant to subsection (c), we are of the opinion that any purported pardon of an offense after dismissal and discharge would be a nullity for lack of an object.

Legal Opinion of the Texas Attorney General, May 31, 1995 at 4-5

Assuming, *arguendo,* that this Court finds that deferred adjudication is a conviction within the meaning of 8 U.S.C. §1101(a)(48), the deferred adjudication has since been set aside because it was obtained in violation of the constitution. A conviction obtained in violation of the constitution is insufficient to support a finding of removability in the case of an LPR. *Woodby v. I.N.S.*, 385 U.S. 276, (1966).

Mr. Salazar respectfully submits that counting a deferred adjudication as a conviction, and then finding that simple possession of a controlled substance is a drug trafficking crime for which no discretionary relief is available, violates substantive due process.

Mr. Salazar's testimony as to his understanding of the impact of a deferred adjudication on immigration status and the circumstances surrounding his guilty plea is central to his constitutional claim that depriving him of LPR status without any consideration of his lengthy ties to the United States and hardship in the event of

6

expulsion violates due process. If review is limited solely to the record considered by the administrative agency, Mr. Salazar will be severely prejudiced. Mr. Salazar relied on the laws of Texas and relevant provisions of the INA when he entered his plea. The court in which his adjudication was deferred finally dismissed the matter entirely. If Mr. Salazar is forbidden from explaining the extent of his reliance on settled immigration law and his understanding of the effect of his guilty plea on the date it was entered, his case will be severely weakened.

For all the foregoing reasons the petitioner, Noe Salazar, respectfully requests this Court deny the respondent's motion to transfer.

Respectfully submitted,

Jodilyn M. Goodwin, Esq.
1822 East Tyler
Harlingen, Texas, 78550
956-428-7212
956-428-7360(FAX)
Federal Id: 20102
Texas State Bar: 00793835

## CERTFICATE OF SERVICE

I, Jodilyn M. Goodwin, certify that today, _July 1_ 2005, a copy of the opposition to Motion to Transfer writ of habeas corpus, was served upon SAUSA Rene Benavides, by placing the same in the U.S. mail, postage prepaid, and addressed as follows:

United States Attorney's Office
Southern District of Texas
Bentsen Tower, Suite 600
1701 W. Highway 83
McAllen, Texas 78501

_____
Jodilyn M. Goodwin, Esq.