UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OPINION
United States District Court
Southern District of Texas
ENTERED
AUG 0 8 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| NOE SALAZAR RODRIGUEZ, § <br> Petitioner, § <br> § <br> v. § <br> § <br> MARC MOORE, FIELD OPERATIONS § <br> DIRECTOR, IMMIGRATION AND § <br> CUSTOMS ENFORCEMENT, DRO for § <br> SAN ANTONIO AREA of OPERATIONS, § <br> and JOHN ASHCROFT, UNITED § <br> STATES ATTORNEY GENERAL, § <br> Respondents. § | CIVIL ACTION NO. B-04-140 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is the Government's motion to transfer (Docket No. 12) Petitioner Noe Salazar Rodriguez's (Hereinafter "Petitioner" or "Salizar") § 2241 petition for habeas corpus relief (Docket No. 1) to the United States Court of Appeals for the Fifth Circuit. Petitioner's response in opposition to the Government's motion will also herein be considered (Docket No. 13). For the reasons set forth below the Government's motion should be GRANTED and Salazar's habeas corpus petition TRANSFERRED to the United States Court of Appeals for the Fifth Circuit. Furthermore it is recommended that Petitioner's deportation be STAYED until further order from the Fifth Circuit.

### BACKGROUND

Petitioner pleaded guilty in the Fourth Judicial District in Rusk County, Texas on August 30, 1996 to possession of marijuana. Removal proceedings were initiated by the Department of Homeland Security (DHS) on January 16, 2003. At a hearing before a United States Immigration

1

Judge on October 14, 2003 Petitioner requested relief from the DHS's removeability determination. Such relief was denied. Petitioner then appealed to Board of Immigration Appeals (BIA). On July 15, 2004 the BIA dismissed Petitioner's appeal. Shortly thereafter, on August 16, 2004, Petitioner filed the instant habeas corpus action pursuant to § 2241 (Docket No. 1). The case was ordered held in abeyance and deportation stayed on September 23, 2004, pending decision in a related case then on appeal to the United States Court of Appeals for the Fifth Circuit (Docket No. 6). On June 14, 2005, the Government moved to transfer the Petitioner's case to the Fifth Circuit pursuant to the recently enacted provisions of the Real ID Act, P.L. 109-13, 2005 HR 1268 (Docket No. 12). Petitioner filed a response in opposition to the proposed transfer on July 1, 2005 (Docket No. 13).

## DISCUSSION

On May 11, 2005, the Real ID Act of 2005 (RIDA) was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005. P.L. 109-13, 2005 HR 1268. Section 106 of RIDA amended 8 U.S.C. § 1252(a) by adding the following:

> EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (2005). Section 106 of the Act also provides:

2

> TRANSFER OF CASES. -- If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply.

P.L. 109-13, Division B, § 106(c). Upon transfer, the habeas corpus petition is treated as if it has been originally filed as a petition for review. Petitioner's habeas corpus application filed under § 2241 challenges an order of removal and, according to the language of RIDA, must be transferred to the Fifth Circuit Court of Appeals. In his response to the Government's motion to transfer, however, Petitioner claims that direct review by the Court of Appeals is not an adequate substitute for habeas corpus review as is required under the Suspension Clause[1] and Supreme Court precedent. U.S. CONST. Art. I, § 9, cl. 2; *Swain v. Pressley*, 430 U.S. 372, 381 (1977).

Though there has been no direct guidance on the issue from the Fifth Circuit or the Supreme Court since RIDA was enacted, this Court is not totally without assistance in evaluating Petitioner's argument. Petitioner correctly calls the Court's attention to the Supreme Court's holding in *Swain v. Pressley*, which requires "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention." *Id.* In *INS v. St. Cyr*, however, the Supreme Court noted that "Congress could, without raising any constitutional questions, provide an adequate substitute [to § 2241] through the courts of appeal." 533 U.S.

---

[1] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. Art. I, § 9, cl. 2.

289, 314 n. 38 (2001). The Supreme Court's latter holding weighs heavily against the validity of Petitioner's argument and this Court, at present, can find no counterbalance. Thus, upon the passage of RIDA jurisdiction to decide Petitioner's habeas corpus action was divested from the district court and this case should be transferred to the Fifth Circuit.

## RECOMMENDATION

For the aforementioned reasons, this Court is of the opinion that the Real ID Act, Pub. L. No. 109-13 § 106, 119 Stat. 231 (2005), divested the district court of jurisdiction over Petitioner's § 2241 suit as of May 11, 2005. As such, Salazar's petition for a writ of habeas corpus should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit. It is further recommended that Petitioner's removal be STAYED until further order from the United States Court of Appeals for the Fifth Circuit.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day of August, 2005.

Felix Recio
United States Magistrate Judge