**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| NOE SALAZAR RODRIGUEZ | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | B-04-140 |
| MARC MOORE, FIELD OPERATIONS | § | |
| DIRECTOR, IMMIGRATION AND | § | |
| CUSTOMS ENFORCEMENT, | § | |
| DRO FOR SAN ANTONIO AREA | § | |
| OF OPERATIONS, and | § | |
| JOHN ASHCROFT, UNITED STATES | § | |
| ATTORNEY GENERAL | § | |
| Respondents. | § | |

**DEFENDANTS PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

Defendants, Marc Moore and Alberto Gonzales (Alberto Gonzales should be substituted in the place of John Ashcroft who is no longer Attorney General), file this partial objection to the Report Recommendation made by the Magistrate Judge on Defendants' Motion to Transfer this case to the Fifth Circuit Court of Appeals pursuant to the REAL ID Act, P.L. 109-13, 2005 HR 1268. In support of this objection Defendants show the court as follows:

**Background**

Defendants filed a Motion to Transfer this case to the Fifth Circuit Court of Appeals on June 14, 2005 pursuant to the REAL ID Act that was recently enacted. Petitioner filed a response opposing the Motion to transfer on July 1, 2005. The Magistrate Judge filed his Report and Recommendation on August 8, 2005.

The Magistrate Judge's Report and Recommendation recommends that Defendants Motion should be granted, and the case should be transferred to the Fifth Circuit. The report and

recommendation also recommends that the Petitioner's deportation be stayed until further order

from the Fifth Circuit.

## Defendants' Objection

Defendants object to the recommendation that the Petitioner's deportation be stayed.  The

District Court lacks jurisdiction under Section 106 of the REAL ID Act to order a stay of

deportation. 8 U.S.C. section 1252(a)(5) (2005).  Just as the District Court is required to transfer

this case to the Circuit Court for lack of jurisdiction as per the newly enacted REAL ID Act, the

District Court lacks jurisdiction to act in any manner in this case but to transfer it to the

appropriate Circuit Court with jurisdiction.

RIDA amends INA section 242(b)(9), 8 U.S.C. § 1252(b)(9), and INA section 242(g), 8

U.S.C. § 1252(b)(g), to explicitly include 28 U.S.C. § 2241, inter alia, within the express terms

of those statutory jurisdictional review bars. The sum and substance of these amendments is to

make explicit that no court, other than the Court of Appeals as provided by statute, now has any

subject matter jurisdiction respecting "all questions of law and fact, including interpretation and

application of constitutional and statutory provisions, arising from any action taken or proceeding

brought to remove an alien from the United States", and respecting "any cause or claim by or on

behalf of any alien arising from the decision or action by the Attorney General to commence

proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]".

INA sections 242(b)(9) and 242(g), respectively, as amended by RIDA.

The effective date for these RIDA judicial review amendments provides that the

provisions "shall apply to cases in which the final administrative order of removal, deportation,

or exclusion was issued before, on, or after the date of enactment of this division [The Real ID

Act of 2005]."  The REAL ID Act was enacted of May 11, 2005.  REAL ID Act, P.L. 109-13,

2005 HR 1268.

Additionally, the only court permitted to issue a stay of removal is the court that will issue a "decision on the petition for review". 8 U.S.C. section 1252 (b)(9)(g). Since this case should be transferred to the Fifth Circuit and treated as a petition for review before them, then the Fifth Circuit is the only court permitted to issue a stay of removal.

Petitioner is not currently detained, and before he is deported, he will receive a notice to appear for deportation and be given thirty days. Should this happen, his attorney will have ample opportunity to request a stay from the Fifth Circuit.

Accordingly, Defendants object to the recommendation that Petitioner's removal be Stayed by the District Court.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY

//s//Rene Carlo Benavides
RENE BENAVIDES
Assistant United States Attorney
1701 Business 83, Suite 600
McAllen, Texas  78501
(956) 618-8010/FAX (956) 618-8016
State Bar No. 24025248
Southern Dist. of Texas No. 26215

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was sent by first-class mail, postage pre-paid, e-mail or fax to:

Jodilynn Goodwin
Attorney at Law
1322 E. Tyler
Harlingen, Texas 78550
(956) 428 - 7360(fax)

on August 10, 2005.


/s/ Rene Carlo Benavides
RENE BENAVIDES
Assistant United States Attorney