United States District Court
Southern District of Texas
FILED

AUG 1 2 2005

Michael N. Milby
Clerk of Court

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOE SALAZAR RODRIGUEZ )
Petitioner, )
)
v. )
) C.A. No. B-04140
MARC MOORE, FIELD OPERATIONS DIRECTOR, )
IMMIGRATION AND CUSTOMS )
ENFORCEMENT, DRO for SAN ANTIONIO AREA )
of OPERATIONS, and JOHN ASHCROFT, )
UNITED STATES ATTORNEY GENERAL, )
Respondents. )
)

**PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

COMES NOW the petitioner, Noe Salazar Rodríguez, ("Mr. Salazar"), and hereby objects as follows to the Report and Recommendation of the Magistrate Judge, ("R&R"), which concludes that the district court has no jurisdiction over Mr. Salazar's petition for writ of habeas corpus due to passage of the Real ID Act, (Pub. L. No. 109-13 §106, 119 Stat. 231 (2005). The R&R grants Respondent's motion to transfer the matter to the United States Court of Appeals for the Fifth Circuit. Objections will be referenced by the heading, number, and page in which they appear in the R & R.

1. **Direct review by the Court of Appeals is not an adequate substitute for habeas corpus review.**

   The R&R states, at pages 3-4,

   Petitioner correctly calls the Court's attention to the Supreme Court's holding in *Swain v. Pressley,* 430 U.S. 372, 381 (1977), which requires, "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention." *Id.* In *I.N.S. v. St. Cyr,* 533 U.S. 389, (2001), however, the

1

>Supreme Court noted that "Congress could, without raising any constitutional questions, provide an adequate substitute [to §2241] though the courts of appeal." 533 U.S. 289, 314 n.38 (2001). The Supreme Court's latter holding weighs heavily against the validity of Petitioner's argument and this Court, at present, can find no counterbalance.

R&R at 3-4.

In *Braden v. Thirtieth Judicial Court of Kentucky*, 410 U.S. 484, (1973), the petitioner was indicted and arrested in Kentucky in 1972. He escaped before trial. He was arrested three months later in Alabama on another charge and began serving a ten year Alabama prison sentence. Kentucky placed a detainer for the charges precedent to the escape, which Braden challenged on speedy trial grounds. His petition for writ of habeas corpus argued that his incarceration in Alabama deprived him of a forum in which to present his Sixth Amendment claim. The central issue in Braden, *supra*, concerned the proper fora for a prisoner of one state to challenge a detainer placed by another state. However, in accordance with the Magistrate's analysis, the Supreme Court mentioned that Congress may modify habeas procedures or provide a substitute as long as any constitutional claims may be sufficiently developed by the petitioner. 410 U.S. 484, 498.

Mr. Salazar respectfully submits that the Supreme Court's decision in *Braden, supra*, does not resolve the precise question here, whether or not his habeas petition may constitutionally be treated as a petition for review, yet provides guidance on the proper conduct of habeas proceedings. If his §2241 suit is treated as a petition for review, Mr. Salazar will have no opportunity to testify about the circumstances surrounding his arrest and guilty plea and the subsequent grounds for vacatur of his conviction. Because Mr. Salazar is a Lawful Permanent Resident, ("LPR"), of the United States, the constitutional infirmity of his conviction is the sum and substance of his claim for relief. Review of the

pertinent statutes, conviction documents and pleadings, as occurs on direct review, does not enable Mr. Salazar to explain the background of his arrest and plea. Thus, if he is denied a hearing on his petition for habeas corpus, Mr. Salazar will be left without a suitable fora in which his constitutional claims may be heard.

In *United States v. Hayman*, 342 U.S. 205, (1952), the petitioner moved the sentencing court to vacate his conviction because his attorney had a conflict of interest and therefore did not effectively represent him. The district court conducted an *ex parte* proceeding on Hayman's Sixth Amendment claims and denied Hayman's motion. Hayman appealed, and the Ninth Circuit found that Hayman's petition raised factual issues which required his presence *at a hearing*. 342 U.S. 205, 209. (emphasis added). The Supreme Court reviewed the history of habeas corpus in American law:

> In 1867, Congress changed the common-law rule by extending the writ of habeas corpus to "all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States," and providing for inquiry into the facts of detention. 14 Stat. 385. In commenting on the 1867 Act this Court has said:
>
> "The effect is to substitute for the bare legal review that seems to have been the limit of judicial authority under the common-law practice, and under the act of 31 Car. II, c. 2, a more searching investigation, in which the applicant is put upon his oath to set forth the truth of the matter respecting the causes of his detention, and the court, upon determining the actual facts, is to `dispose of the party as law and justice require.'
> . . . . .
> ". . . a prisoner in custody pursuant to the final judgment of a . . . court of criminal jurisdiction may have a judicial inquiry in a court of the United States into the very truth and substance of the causes of his detention, *although it may become necessary to look behind and beyond the record of his conviction to a sufficient extent to test the jurisdiction of the . . . court to proceed to judgment against him. . . ."
>
> 342 U.S. 205, 211.

In *United States v. Hayman, supra*, the Supreme Court also cited *Walker v. Johnston*, 312 U.S. 275, (1941). There, the Court held that when a habeas application raises material issues of fact, the district court must determine such issues by the taking of evidence. In upholding the constitutionality of 28 U.S.C. §2255, the Supreme Court stated, "In requiring a hearing, the section has obvious reference to the tradition of judicial proceedings. Respondent, *denied an opportunity to be heard, has lost something indispensable*, however convincing the ex parte showing." 342 U.S. 205, 220. (emphasis added).

Most significantly for the case at bar, the Supreme Court also stated in Hayman, supra, "Whether the petitioner should be produced depends upon the issues raised by the particular case. Where, as here, there are substantial issues of fact as to events in which prisoner participated, the trial court should require his production for a hearing." 342 U.S. 205, 223.

Because only the administrative record is considered in direct review, Mr. Salazar will be severely prejudiced unless he has an opportunity to supplement the record at a habeas hearing. Counsel for Mr. Salazar also represents Juana Garcia Ríos, (B-04-19), and Ricardo González Vanegas, (B-05-69), in their respective actions pursuant to 18 USC §2241. Ms. García's habeas petition raises statutory construction arguments as well as the interpretation of the Supreme Court's decision in *I.N.S. v. St. Cyr, supra*. The administrative record in Mr. González case is fully developed and counsel has determined there is no need for further testimony in B-05-69. Counsel did not oppose

transfer of either of those matters because neither petitioners nor the court would benefit from an evidentiary hearing.

Mr. Salazar urges this Court that his habeas petition raises substantial issues of fact concerning his arrest and guilty plea. In accordance with the Supreme Court decision in *Hayman, supra*, the respondent's motion for transfer should be denied because the Constitution, and the history of American habeas corpus jurisprudence, require Mr. Salazar be afforded an opportunity to supplement the record with testimony.

## CONCLUSION

WHEREFORE, the petitioner, Noe Salazar Rodríguez, respectfully requests this Court deny the respondent's Motion for Transfer, and afford him a hearing on the merits of his Petition for Writ of Habeas Corpus.

Respectfully submitted,

_____
Jodilyn M. Goodwin, Esq.
1322 East Tyler
Harlingen, Texas 78550
956-428-7212
956-428-7360(FAX)
Federal Id: 20102
Texas State Bar: 00793835

## CERTIFICATE OF SERVICE

I, Jodilyn M. Goodwin, certify that today, 8/12/ 2005, a copy of the Objections to the Magistrate's Report and Recommendation was served upon SAUSA René Benavides, by placing the same in the U.S. mail, postage prepaid, and addressed as follows:

United States Attorney's Office
Southern District of Texas
Bentsen Tower, Suite 600
1701 W. Highway 83
McAllen, Texas 78501

Jodilyn M. Goodwin, Esq.