IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 5 2005

Michael N. Milby
Clerk of Court

NOE SALAZAR RODRIGUEZ )
Petitioner, )
)
v. )
) C.A. No. B-04140
MARC MOORE, FIELD OPERATIONS DIRECTOR, )
IMMIGRATION AND CUSTOMS )
ENFORCEMENT, DRO for SAN ANTIONIO AREA )
of OPERATIONS, and ALBERTO GONZALEZ, )
UNITED STATES ATTORNEY GENERAL, )
Respondents. )
_____)

**PETITIONER'S RESPONSE TO RESPONDENT'S PARTIAL OBJECTION**

COMES NOW the petitioner, Noe Salazar Rodríguez, ("Mr. Salazar"), and hereby responds as follows to the government's partial objection to the Report and Recommendation of the Magistrate Judge, ("R&R"). The respondent argues the district court has no jurisdiction over Mr. Salazar's request for a stay pending decision, due to passage of the Real ID Act, (Pub. L. No. 109-13 §106, 119 Stat. 231 (2005). The respondents reason that because the Fifth Circuit has exclusive jurisdiction over review of all questions of law arising from a removal order, the District Court is without authority to issue a stay. *See* Defendant's Partial Objections to R&R at 6.

REAL ID commands transfer of some habeas petitions to the Circuit Courts of Appeal to be treated as petitions for review. Nevertheless, Mr. Salazar respectfully submits that REAL ID did not alter the stay provision at INA §242, 8 U.S.C. §1252. The habeas petition was filed in the District Court and has yet to be transferred. Most significantly for the respondent's jurisdictional challenge, Mr. Salazar's habeas petition

1

presents unique questions of law, (*i.e.* validity of vacature for purposes of INA §101(a)(48), as well as a mixed question of law and fact). Unlike a non-citizen whose challenge to a removal order is based on statutory interpretation or another pure question of law, Mr. Salazar asserts the removal order is unlawful because the underlying conviction was obtained in violation of the constitution. Further, the court of conviction vacated Mr. Salazar's guilty plea on constitutional grounds. In the Fifth Circuit, a constitutionally infirm conviction cannot be the basis for a removal order. *Discipio v. Ashcroft,* No.04-60268, (5th Cir. July 13, 2005). For those reasons, the matter was not automatically transferred. REAL ID did not specifically bar the District Court from issuing injunctive relief pending a decision. Therefore, habeas jurisdiction remains with the District Court until the transfer is ordered.

The Magistrate Judge was correct in recommending the stay because Mr. Salazar's habeas petition satisfies the requirements for injunctive relief set forth by the United States Supreme Court in *Hilton v. Braunskill,* 481 U.S. 770, (1987). There, the Court outlined the factors consideration of an application for injunctive relief.

> ...[I]n order for the court to issue a stay of removal pending appeal, the movant must show (1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that granting a stay of removal would serve the public interest.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

It is important to recognize alternative wording of the same standards. For example, the Fifth Circuit has synthesized the four elements, requiring the applicant demonstrate "probability of success," plus a "balance of the hardships [that] tips sharply"

in favor of the applicant. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001) (requiring a "substantial case on the merits" plus a "balance of equities weighing heavily" in favor of the applicant).3 the gravity of the injury to the alien if a stay is denied, compared to the lesser injury to the government if one alien is permitted to remain while an appeal is decided, suggests that the degree of likelihood of success on appeal need not be too high. No matter the specific methodology employed in considering the relevant factors for early relief, Mr. Salazar has a substantial likelihood of success, and he will be severely prejudiced if he is detained again.

**I.    LIKELIHOOD OF SUCCESS ON THE MERITS**

The determinative factor in Mr. Salazar's challenge to his removal order is that his conviction was vacated on constitutional grounds. Even in the Fifth Circuit, a constitutionally infirm conviction is not grounds for removal. *Discipio v. Ashcroft, supra.* Mr. Salazar made the same argument to the IJ and BIA. However, because the decision of the administrative agency and the procedural rules governing removal proceedings denominate Mr. Salazar an aggravated felon, he is subject to mandatory detention unless the stay remains in effect.

**II.   IRREPERABLE INJURY TO PETITIONER.**

Even if this Court grants relief as requested, Mr. Salazar can never recover the time he has been away from his family. Unless the Court issues the stay, he may suffer more harm, more loss of time with his loved ones, which cannot be repaired.

**III.  SUBSTANTIAL INJURY TO THE RESPONDENT.**

Mr. Salazar has complied with every requirement since his release. There is no potential injury which the government cannot address simply by placing reasonable

3

reporting or monitoring requirements. Substantial injury is negligible, because government has the means and authority to mitigate any potential risk.

IV. **THE PUBLIC INTEREST IN DETAINING MR. SALAZAR.**

There is no public interest in detaining Mr. Salazar. He is a LPR whose criminal conviction was vacated and he is in no way a danger to the community.

## CONCLUSION

The government's argument that the District Court has no jurisdiction pursuant to REAL ID is premature. REAL ID compels transfer of habeas petitions which raise pure questions of law in challenging removal orders. However, Mr. Salazar is not challenging the validity of his conviction. Rather, he urges this Court that the laws of Texas and the United States Constitution establish he never suffered a conviction. Notwithstanding the provisions of REAL ID, this Court retains jurisdiction to determine whether or not an LPR such as Mr. Salazar, whose guilty plea was vacated after a Texas court determined it was entered in violation of the Constitution, may now be detained and permanently removed from the United States as a result.

Respectfully submitted,

Jodilyn M. Goodwin, Esq.
1322 East Tyler
Harlingen, Texas, 78550
956-428-7212
956-428-7360(FAX)
Federal Id: 20102
Texas State Bar: 00793835

## CERTFICATE OF SERVICE

I, Jodilyn M. Goodwin, certify that today, August 25th, 2005, a copy of the petition for writ of habeas corpus, was served upon AUSA René Benavides, by ~~hand delivery~~ USmail to the United States Attorney, ~~600 East Harrison, Brownsville, Texas, 78520.~~ 1701 Business 83, Ste. 600 McAllen, TX 78501.

_____
Jodilyn M. Goodwin, Esq.